IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CV-149-D

| | |
|---|---|
| RAYMOND RIVERA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>AMERICAN RELIABLE INSURANCE )<br>COMPANY, FIRST NATIONAL )<br>INSURANCE COMPANY OF AMERICA, )<br>and ERICK JEROME WINSTON, )<br>)<br>Defendants. ) | **ORDER** |

On April 11, 2014, Raymond Rivera ("Rivera" or "plaintiff") filed a motion to remand and argued that he and defendant Erick Jerome Winston ("Winston") are citizens of North Carolina; therefore, this court lacks subject-matter jurisdiction under 28 U.S.C. § 1332(a). See [D.E. 25]. On May 5, 2014, American Reliable Insurance Company and First National Insurance Company of America ("Insurance Company defendants"), who are not citizens of North Carolina, responded in opposition. See [D.E. 29]. On May 19, 2014, Rivera replied [D.E. 30]. As explained below, Rivera's motion to remand is denied.

Rivera's complaint concerns a car accident on September 13, 2012, in which Winston crashed the car that he was driving into Rivera, who was riding a motorcycle. See [D.E. 1-1] 5–6. In Rivera's complaint, Rivera alleges that the Insurance Company defendants failed to pay him benefits pursuant to Rivera's underinsured motorist coverage. See id. 6–17. Rivera sued not only the Insurance Company defendants, but also named Winston as a nominal defendant. See [D.E. 1-1]. Rivera seeks remand because he and Winston are both citizens of North Carolina, and Winston

allegedly filed a permissive counterclaim against Rivera upon receiving a civil summons in this case. As such, Rivera contends that diversity jurisdiction is lacking. See [D.E. 25, 30].

Winston is a nominal party with respect to the dispute about the car accident and insurance benefits under Rivera's underinsured motorist policies. See [D.E. 1-1], ¶ 41, Prayer for Relief, Exs. I & K. In analyzing diversity jurisdiction, this court must disregard nominal parties, such as Winston. See, e.g., Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 461 (1980); Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co., 736 F.3d 255, 260 (4th Cir. 2013).

As for the alleged permissive counterclaim, Rivera relies on a document that Winston mailed to the Wake County Superior Court dated February 24, 2014, and which that court filed on March 5, 2014. See [D.E. 29-2] 2, 8. Winston did not serve this document on either Rivera or the Insurance Company defendants, and the Insurance Company defendants were not aware of it when they removed the case to this court on March 12, 2014. The document states in full:

> I Erick Winston in prop[r]ia persona am hereby responding to the civil summons that has been served against me by Mr. Raymond Rivera. This civil matter can be pursued by Mr. Rivera and his attorney, at any time because I will be counter-suing Mr. Rivera for incidents that occurred against me following the accident, by his co-workers which occurred on 1-11-13 & 3-28-13; which I was assaulted and threatened. In both occurrences Mr. Rivera's name was mentioned therefore, leads me to know that the prior incident with Mr. Rivera incited their actions. My sincere wish is that the truth of the matter is told and justice is carried out.

[D.E. 29-2] 8. The document is not an answer or permissive counterclaim. See N.C. R. Civ. P. 8(b), 10, 13(b); see also Fed. R. Civ. P. 8(b), 10, 13(b). It is a statement of a future intent to sue Rivera about an apparent grievance arising at the Wake County Jail. Rivera is a deputy sheriff with the Wake County Sheriff's Department, and Winston apparently now is an inmate in the Wake County Jail. The grievance stems from alleged assaults and threats from Rivera's co-workers towards Winston. See [D.E. 29-2] 8.

2

Rivera relies on Winston's pro se status to argue that the document dated February 24, 2014, is a permissive counterclaim. Winston's pro se status, however, does not convert the document dated February 24, 2014, into a permissive counterclaim. See, e.g., Francis v. Giacomelli, 588 F.3d 186, 192–93 (4th Cir. 2009); Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008); Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990); Johnson v. BAC Home Loans Servicing, LP, 867 F. Supp. 2d 766, 776 (E.D.N.C. 2011). After all, even pro se litigants must comply with the Rules of Civil Procedure, and liberal construction of a pro se document does not compel or permit a court to engage in fantasy. See, e.g., Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam); Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 152 (1984) (per curiam); Weller, 901 F.2d at 391. Because the document is not a permissive counterclaim, it (like Winston's status as a nominal defendant) has no impact on this court's subject-matter jurisdiction.

In sum, this court has subject-matter jurisdiction based on diversity jurisdiction. Plaintiff's motion to remand [D.E. 25] is DENIED.

SO ORDERED. This 17 day of June 2014.

JAMES C. DEVER III
Chief United States District Judge